**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Teresa Godwin, for her minor child, V.E., ) | No. CV 09-482-PHX-MHM |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Commissioner of Social Security, ) | |
| Defendant. ) | |

Currently before the Court is Plaintiff Teresa Godwin's Complaint (Dkt. #1), filed on March 10, 2009, seeking judicial review of an Administrative Law Judge's ("ALJ") denial of her claim for Supplemental Security Income Children's Benefits. On May 15, 2009, Defendant filed an Answer (Dkt. #14). Plaintiff filed an Opening Brief (Dkt. #16) on July 16, 2009, Defendant filed a responsive Brief (Dkt. #17) on August 7, 2009, and Plaintiff filed a Reply (Dkt. #19) on August 20, 2009. The Court has considered the pleadings of the parties and the Administrative Record ("AR"), as well as the applicable law, and now enters its ruling.

**I.     FACTUAL BACKGROUND**

   **A.     Procedural History**

On October 20, 2003, Plaintiff protectively filed an application for supplemental security income children's disability benefits under sections 1602 and 1614(a)(3)(A) of Title XVI of the Social Security Act, on behalf of her minor child, V.E. (AR 20). The claim was

denied initially and on reconsideration. (AR 20). A request for hearing was filed on July 16, 2004. (AR 20). Plaintiff and V.E. appeared and testified at a hearing held on December 20, 2005. (AR 20). An unfavorable decision was issued on February 14, 2006 and Plaintiff requested review by the Appeals Council. (AR 20). On April 20, 2007, the Appeals Council granted the request for review, vacated the hearing decision, and remanded the case to an ALJ. (AR 20). At a hearing on remand, held on August 22, 2007, Plaintiff and V.E. appeared and testified. (AR 1759-81). On November 14, 2007, the ALJ again issued a decision denying Plaintiff's claim. (AR 17-42). Plaintiff filed a request for review on December 10, 2007. (AR 14-16). The Appeals Council denied Plaintiff's request for review on January 5, 2009. (AR 4-6). The instant claim was filed on March 10, 2009. (Dkt. #1).

**B.    Medical History**

In 1992, V.E. was born prematurely and weighed four pounds. (Dkt. #16 at p. 2). Plaintiff stated that, while pregnant with V.E., she was drinking, smoking marijuana, and taking pain pills. Id. at p. 1-2. V.E.'s father was using crack cocaine and PCP.[1] Id. at p. 1. Plaintiff did not know she was pregnant for the first four months of her pregnancy. Id. at p. 1-2. Once she discovered that she was pregnant, Plaintiff stopped drinking, smoking and using drugs. Id. at p. 2. Plaintiff was seen in the emergency room several times during her pregnancy due to asthma. Id. She received pain medication, including morphine, and also received medication for high blood pressure. (Dkt. #16 at p. 2).

V.E. first received mental health treatment and was diagnosed with depression at the age of seven, after she injured herself with a pencil at school. (Dkt. #18 at p. 1). According to the ALJ, V.E. "has a history of mental health treatment for bipolar disorder and has undergone a number of evaluations which have resulted in various diagnoses." (AR 25). She is five feet, eight inches tall and weighs 311 pounds. Id.

---

[1]Phencyclidine (PCP) is a recreational, dissociative drug exhibiting hallucinogenic and neurotoxic effects. NIDA InfoFacts: Hallucinogens - LSD, Peyote, Psilocybin, and PCP, available at http://www.drugabuse.gov/Infofacts/hallucinogens.html (last visited Mar. 31, 2010).

1          In March 2003, V.E. underwent a psychiatric evaluation. (AR 25). "[R]ule out oppositional defiant disorder and rule out adjustment disorder with mixed disturbance of emotion and conduct were diagnosed." (AR 25). On April 25, 2003, Charles J. House, Ph.D., examined V.E. (AR 28). On May 21, 2003, Dallas Thomason, Psy.D., evaluated V.E. (AR 331-35). On June 24, 2003, Sandra D. Mahoney, Ph.D., evaluated V.E. (AR 310-15). On July 25, 2003, nurse practitioner Janet Cooper evaluated V.E. (AR 660-61). On July 29, 2003, Jane George, Ph.D., evaluated V.E. (AR 324-35). V.E.'s medication changed on January 15, 2004. (AR 545). On January 29, 2004, Gary C. Bettis, Ph.D., evaluated V.E. (AR 318-23). On May 19, 2004, and September 8, 2004, V.E.'s medications changed again. (AR 340, 989). On September 10 and 20, 2004, Sandra M. Graff, Ed.D., evaluated V.E. (AR 741-47). On December 1, 2004, Dr. Benjamin completed a medical progress note on V.E. (AR 349). Additional medical progress reports were completed by Dr. Benjamin in January, February, and May 2005. (AR 345, 347-48). In October 2005 and February 2006, V.E.'s medication was changed further. (AR 337, 1409). In January 2007, V.E. was evaluated by Dr. Benjamin and in April 2007, V.E.'s medication changed once again. (AR 801, 1394-95). On July 26, 2007, Dr. Eric Benjamin evaluated V.E. and prepared a mental impairment report. (AR 1618-22).

**II.    STANDARD OF REVIEW**

This Court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence in the record. <u>Hammock v. Bowen</u>, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (quoting <u>Consolidated Edison Co. v. NLRB</u>, 305 U.S. 197, 229 (1938)). The Court considers the record as a whole and weighs "both the evidence that supports and detracts from the [Commissioner's] conclusion." <u>Martinez v. Heckler</u>, 807 F.2d 771, 772 (9th Cir. 1986). Where the evidence is susceptible of more than one rational interpretation, the Commissioner's conclusion must be upheld. <u>Sample v. Schweiker</u>, 694 F.2d 639, 642 (9th

Cir. 1982). Questions of credibility and resolution of conflicts in the testimony are functions solely of the Commissioner, Waters v. Gardner, 452 F.2d 855, 858 n.7 (9th Cir. 1971), but any negative credibility findings must be supported by findings on the record and supported by substantial evidence. Ceguerra v. Sec'y of Health & Human Servs., 933 F.2d 735, 738 (9th Cir. 1991). The findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive. 42 U.S.C. § 405(g). However, even where findings are supported by substantial evidence, "the decision should be set aside if the proper legal standards were not applied in weighing the evidence and making the decision." Flake v. Gardner, 399 F.2d 532, 540 (9th Cir. 1968); see also Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984). Under sentence four of 42 U.S.C. § 405(g), the court has the power to enter, upon the pleadings and transcript record, a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the case for a rehearing.

### III. ANALYSIS

Plaintiff asserts that the ALJ's decision should be reversed and remanded for benefits because it is not supported by substantial evidence and because it is based on the application of improper legal standards. Plaintiff argues that:

1) The ALJ erred in failing to have V.E.'s entire case evaluated by an expert.

2) Substantial evidence does not support the ALJ's decision that V.E. suffers from a less than marked limitation in her ability to interact and relate with others.

3) Substantial evidence does not support the ALJ's decision that V.E. suffers no limitation in her ability to care for herself.

4) The ALJ erred in rejecting Plaintiff's credibility.

5) The ALJ erred in ignoring or rejecting substantial evidence supportive of V.E.'s claim, in addition to other errors.

**A. Whether the ALJ erred in failing to have V.E.'s entire case evaluated by an expert**

Plaintiff claims that the ALJ should have had an expert review V.E.'s entire case in light of the decision in Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006 (9th Cir. 2003). In Howard, a social security claimant sought judicial review of an ALJ's denial of benefits to

a minor. 341 F.3d at 1013. The claimant argued that 42 U.S.C. § 1382c(a)(3)(I) required the ALJ to make a reasonable effort to have a qualified pediatrician or other specialized individual evaluate the case. Id. 42 U.S.C. § 1382c(a)(3)(I) provides that

> In making any determination under this subchapter with respect to the disability of an individual who has not attained the age of 18 years . . . , the Commissioner of Social Security *shall make reasonable efforts to ensure that a qualified pediatrician or other individual who specializes in a field of medicine appropriate to the disability of the individual* (as determined by the Commissioner of Social Security) *evaluates the case of such individual*.

(emphasis added). After reviewing § 1382c(a)(3)(I), the Howard court interpreted it to require "the ALJ . . . to make a reasonable effort to obtain a case evaluation, *based on the record in its entirety*, from a pediatrician or other appropriate specialist, rather than simply constructing his own case evaluation from the evidence in the record." Howard, 341 F.3d at 1014 (emphasis added). The court maintained that "there is a distinction . . . between having an expert evaluate a claimant with respect to that expert's particular specialty, and having an expert evaluate a claimant's case in its entirety, *considering all of the medical records* . . . ." Id. at n. 2 (emphasis added).

Applying this new standard, the Ninth Circuit found the Howard ALJ erred by making "no effort to have [the claimant's] case evaluated *in its entirety*." Id. (emphasis added). In reaching its decision, the court noted that the Howard ALJ relied on the opinions of numerous individual specialists, but did not rely on any specialist who had the opportunity to evaluate the case as a whole. Id. at 1013-14 (noting that "he only relied on the individual evaluations and reports of each separate specialist."). Thus, the court found that the ALJ had not complied with § 1382c(a)(3)(I) and remanded the case for further proceedings.

In this case, there is some question as to whether the ALJ made an effort to have V.E.'s case reviewed *in its entirety* by a pediatrician or other appropriate specialist. The Commissioner argues that the requirements of § 1382c(a)(3)(I) have been satisfied because four "highly qualified" state doctors evaluated V.E.'s case prior to the ALJ's November 2007 decision, and the ALJ considered these evaluations in making her decision. See Howard, 341 F.3d at 1014 (suggesting that the ALJ may have achieved "substantial compliance"

1  because state agency doctors had evaluated the case).  Assuming, without deciding, that the
2  four evaluations substantially complied with § 1382c(a)(3)(I) when authored, the Court notes
3  that they were more than three-years old when the ALJ made her decision and, during those
4  three years, a significant amount of evidence was added to the record.  For example, V.E.'s
5  medication was changed on June 15, 2004.  (AR 1305).  In July 2004, Dr. Benjamin
6  evaluated and Diagnosed V.E.  (AR 360-65).  In September 2004, V.E. was psychologically
7  evaluated by Dr. Graff.  (AR 741-53).  V.E.'s medication was changed again in December
8  2004.  (AR 1225).  In January 2005, V.E.'s medication was changed once more.  (AR 3480.
9  A medical progress note was issued by Valle Del Sol Youth Services in July 2006.  (AR
10 1402).  Another progress note was issued in April 2007.  (AR 801).  In July 2007, V.E. was
11 again evaluated and diagnosed by Dr. Benjamin.  (AR 1618-22).

12 The record shows that the ALJ's decision relied on several pieces of evidence which
13 were not available at the time the four state evaluations took place.  Additionally, while it is
14 true that the ALJ did not give much weight to the medical examinations conducted by Dr.
15 Benjamin, in 2004 and 2007, and Dr. Graff in 2004, that medical evidence was nonetheless
16 in the record.  Accordingly, the Court cannot now correctly describe the four case-wide
17 evaluations that took place  2003 and 2004 as having considered V.E.'s case "based on the
18 record in its entirety."  Based on the <u>Howard</u> decision, and out of an abundance of caution,
19 the Court finds, therefore, that the ALJ erred by not making a reasonable effort to obtain a
20 case evaluation based on the record in its entirety.   The case must therefore be remanded to
21 have a pediatrician or other appropriate specialist evaluate the case based on the record in its
22 entirety and considering all of the medical records.

23 **B.     Plaintiff's Remaining Claims**

24 Having determined that remand is appropriate, the Court need not consider Plaintiff's
25 remaining claims.

26 / / /

**Accordingly,**

**IT IS HEREBY ORDERED** that Plaintiff's Complaint (Dkt. #1) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Commissioner's decision is **REVERSED** and the case is **REMANDED** for proceedings not inconsistent with this ruling.

DATED this 31st day of March, 2010.

_____
Mary H. Murguia
United States District Judge