**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Teresa Godwin for her minor child, V.E., ) | No. CV 09-482-PHX-MHM |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Pending before this Court is Plaintiff's Application for Attorney's Fees Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A). (Doc. 22). Having reviewed Plaintiff's Application for Attorney's fees, as well as the responses and replies thereto, the Court issues the following Order.

**I.    BACKGROUND**

This case initially came before this Court on March 10, 2009, when Plaintiff filed a complaint on behalf of her minor child, V.E., seeking judicial review of an Administrative Law Judge's ("ALJ") denial of her claim for supplemental security income children's disability benefits under sections 1602 and 1614(a)(3)(A) of Title XVI of the Social Security Act. (Doc. 1). Plaintiff argued in her Opening Brief to this Court that the ALJ erred in failing to have V.E.'s entire case evaluated by an expert, that substantial evidence did not support the ALJ's findings, that the ALJ erred in rejecting Plaintiff's credibility, and that the

1  ALJ erred in ignoring or rejecting substantial evidence supporting V.E.'s claim. (Doc. 16).
2  Defendant filed a response brief on August 7, 2009.  (Doc. 17).
3        On March 31, 2010, this Court issued an order reversing and remanding the decision
4  of the ALJ, finding that the ALJ erred because he did not make a reasonable effort to have
5  an expert evaluate V.E.'s case in its entirety. (Doc. 20).  Having determined that a remand
6  was appropriate, this Court did not address Plaintiff's remaining claims. On May 6, 2010,
7  Plaintiff filed a motion for attorney's fees pursuant to the EAJA.  (Doc. 22).  Plaintiff
8  requests an award of $8,255.82 in attorney's fees. (Doc. 24). Defendant filed an objection
9  to Plaintiff's motion for attorney's fees on May 10, 2010.  (Doc. 23).  Defendant argues that
10 attorney's fees should not be awarded because Defendant's position in the case was
11 substantially justified.  Defendant does not object to the amount of attorney's fees requested.

12 **II.   Law**

13       The EAJA provides for an award of attorney's fees to a prevailing party, other than
14 the United States, unless the court finds that the position of the United States was
15 substantially justified or special circumstances make an award of fees unjust. See
16 28 U.S.C. § 2412(d)(1)(A). The burden of proof is on the government to prove that its
17 position was substantially justified. Scarborough v. Principi, 541 U.S. 401, 403 (2004). A
18 position is substantially justified when there is a "reasonable basis in law and fact" for
19 advancing the position. See Pierce v. Underwood, 487 U.S. 552, 565-66 (1988); see also
20 Gonzales v. Free Speech Coalition, 408 F.3d 613, 618 (9th Cir. 2005) (holding that a position
21 is substantially justified if there is a dispute over which reasonable minds could differ). A
22 position can be substantially justified even though it is not correct. Pierce, 487 U.S. at 566
23 n.2.

24 **III.  DISCUSSION**

25       Plaintiff contends in her Application for Attorney's Fees that Defendant's position
26 was not substantially justified because it expressly contradicted the Ninth Circuit's
27 interpretation of 42 U.S.C. § 1382c(a)(3)(I) in Howard on behalf of Wolff v. Barnhart, 341
28 F.3d 1006 (9th Cir. 2003).

> 42 U.S.C. § 1382c(a)(3)(I) provides that
> In making any determination under this subchapter with respect to the disability of an individual who has not attained the age of 18 years . . . , the Commissioner of Social Security shall make reasonable efforts to ensure that a qualified pediatrician or other individual who specializes in a field of medicine appropriate to the disability of the individual (as determined by the Commissioner of Social Security) evaluates the case of such individual.

The Howard court read § 1382c(a)(3)(I) to require "**the ALJ** . . to make a reasonable effort to obtain a case evaluation, based on the record in its entirety, from a pediatrician or other appropriate specialist, rather than simply constructing his own case evaluation from the evidence in the record." Id. at 341 F.3d 1012 (9th Cir. 2003) (emphasis added).

Defendant argued that 42 U.S.C. § 1382c(a)(3)(I) applies only to decisions made by the Social Security Commissioner, not decisions made by an ALJ. (Doc. 17). Specifically, Defendant argued that "[a]gency regulations make clear that the statutory requirement 'applies only to determinations made by a State agency [at the initial or reconsideration determination levels of the administrative review process] **and not to decisions made by ALJs.**'" (Id. (emphasis added)). This Court finds that Defendant's argument was not substantially justified because it expressly contradicted the decision in Howard.

Defendant also argued in the alternative that the ALJ achieved "substantial compliance" with § 1382c(a)(3)(I) because "four highly qualified" state doctors evaluated V.E., and the ALJ considered those evaluations in making her decision. (Doc. 23). See Howard, 341 F.3d at 1014 (holding that the ALJ may have achieved "substantial compliance" because state agency doctors had evaluated the case). This Court noted that "there was some question as to whether the ALJ made an effort to have V.E.'s case reviewed *in its entirety* by a pediatrician or other appropriate specialist." (Doc. 20) It ultimately found, however, that even if the ALJ achieved substantial compliance with 1382c(a)(3)(I) by relying on the evaluations of the experts in reaching her decision**,** the evaluations were more than three years old when the ALJ made her decision, and during those years, significant evidence was added to the record.

- 3 -

Although Defendant's position was ultimately unpersuasive, Defendant had a reasonable basis in law and fact for arguing that the ALJ achieved substantial compliance with § 1382c(a)(3)(I). Accordingly this Court finds that Defendant's second argument was substantially justified. However, this Court finds that Defendant's first argument was not substantially justified because it expressly contradicted the decision in Howard. Accordingly, this Court will grant Plaintiff's Application for Attorney's Fees, but the amount of attorney's fees awarded will be reduced to an amount that serves the interests of justice.

**Accordingly,**

**IT IS HEREBY ORDERED** granting Plaintiff's Application for Attorney's Fees in the amount of $5,000. (Doc. 24).

DATED this 18th day of November, 2010.

_____
Mary H. Murgula
United States District Judge